### CHAMBERS v. HANNUM et al.

(Second Division. Nome. February 20, 1902.)

No. 344.

1. REAL ACTIONS—BUILDING—LIEN.

> The owner of a building who permits another to place it upon his lot and build it into other permanent buildings does not thereby acquire an interest in the real estate, nor does he acquire a lien in equity for the value thereof. He must bring his action at law to recover its value.

Thompson, Murane & Thompson, for plaintiff.
T. M. Reed and P. C. Sullivan, for defendants.

WICKERSHAM, District Judge. This is a suit for an accounting, the plaintiff alleging that in the fall of 1899 he entered upon a certain lot with the consent of the owner, Bruce Milroy, and erected thereon a small house, upon the parol agreement of Milroy to convey to him a half interest in the lot. There was a general denial to the complaint, and the matter was referred to a referee, who has preserved all the testimony in the record, and has made and filed his findings of fact and conclusions of law. Both parties have filed objec-

tions to the referee's report upon various grounds, and the matter is now before the court for determination upon the report and the evidence filed therein.

The referee finds against the plaintiff upon the question of title to either tract of land in controversy by the eleventh finding of fact. An exception is taken to this finding by the plaintiff, but, upon a very careful examination of all the testimony, I am inclined to agree with the referee, and the exception will be overruled as to that finding. Other exceptions are taken by the plaintiff to other findings of fact, but I think the findings are fairly drawn from the evidence in the case.

The referee finds, as a conclusion of law, that judgment should be entered conveying to the plaintiff an interest in the Steadman avenue property to the extent of $1,000, that being the proportion which his house bears to the cost or value of the said structure as it now stands, and for costs and disbursements. I am unable to agree with the referee in that conclusion of law from the facts found by him, and the testimony in the case, which I have carefully examined at length. I agree with the conclusion of the referee that the plaintiff does not show by a fair preponderance of the evidence, or at all to the satisfaction of the court, that he is entitled to have a trust fastened upon either tract of land in question. He testifies that he made an arrangement with the Milroys by which he erected the first building upon their 50-foot lot, on the consideration that they would give him an interest therein. His evidence stands alone upon this question, for no other witness testifies fully in his support. The evidence is not sufficient to justify the court in enforcing a trust against real estate. The possession by the plaintiff does not aid him, because that is explained in an entirely different manner by the defendants, and in a way which does not justify the court in sustaining a trust in part performance or possession. I am constrained to accept the findings made

by the referee, and the theory of the defendants as to the facts.

. Upon the facts, then, found by the referee and testified to by the plaintiff, it cannot follow, as a matter of law, that the plaintiff is entitled to any decree of this court adjudging him to be the owner of, or entitled to any interest in, the Steadman avenue structure. It clearly appears from all the testimony, although the defendants endeavor to represent it otherwise, that the structure is one solid, complete building. It appears that the roof was taken off Chambers' house after it was moved upon the Steadman avenue property, and an additional story and a half built thereon and other additions made thereto, which would necessitate its entire destruction to . move it. It thereby became a part and parcel of the real estate, and belongs to the owners of the real estate.

It cannot follow that because the defendants took the house of the plaintiff, and moved it upon their own property, and made additions thereto, with his consent, that he acquired any lien upon the real estate for payment. He stood by and saw his building made a part of a permanent structure upon this ground, and the court knows of no rule by which he is now entitled to a decree that he has an interest in either. He may have a cause of action to recover against the defendants for the house which they took and utilized in the structure, but he has no lien.

So far as the findings of fact in the referee's report are concerned, they are approved, with the exception of the fifteenth finding, which is expressly disapproved and set aside. From the facts found by the referee in this action, so far as they are approved, and from the testimony in the case, there must be a new conclusion of law drawn in favor of the defendants. Counsel for defendants will prepare it in accordance with the suggestions herein.